| | |
|---|---|
| Faris Yasin, and<br>Right Track management, Inc.<br>     Plaintiff(s)<br>v<br><br>Leonard Brown, and<br>John Does(s), and<br>Juniata Community Mental Health Clinic, Inc, and Carlos Matos, and<br>Maria Matos, and<br>Norris Hancock, LLC, and<br>Renee Tartaglione, and<br>Michael Wright<br>     Defendant(s) | United States District Court<br>Eastern District of Pennsylvania<br><br><br>Civil Action No. 17-CV-03353 |

## **Rule**

AND NOW this                day or              , 2018 upon Consideration of the within Motion to Modify Sentence of Defendants, a rule is granted upon the Plaintiff, to show cause why the within Prayers for relief should not be granted.

RULE RETURNABLE AND HEARIG the           day of                  ,2018, at          o'clock    .m., in Courtroom "    ", Ca

BY THE COURT,


_____
                                            **J.**

| | |
|---|---|
| **SAMUEL A. DI MATTEO**<br>**ATTORNEY AT LAW, LLC**<br>ATTORNEY ID NO. 85636<br>1500 JOHN F. KENNEDY BLVD<br>SUITE 1120<br>PHILADELPHIA, PA 19102<br>(215) 437-0566 | ATTORNEY FOR DEFENDANTS |
| FARIS YASIN, AND<br>RIGHT TRACK MANAGEMENT, INC.<br>　　　　　PLAINTIFF(S)<br>V<br><br>LEONARD BROWN, AND<br>JOHN DOES(S), AND<br>JUNIATA COMMUNITY MENTAL HEALTH CLINIC, INC, AND CARLOS MATOS, AND<br>MARIA MATOS, AND<br>NORRIS HANCOCK, LLC, AND<br>RENEE TARTAGLIONE, AND<br>MICHAEL WRIGHT<br>　　　　　DEFENDANT(S) | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>CIVIL ACTION NO. 17-CV-03353 |

## DEFENDANT'S MOTION TO DISMISS
## LACK OF PERSONAL SERVICE

　　Plaintiff's Complaint should be dismissed for lack of insufficient service of process upon the Defendants. Pursuant to Federal Rule of Civil Procure 12(b)(4), Defendants Bring this motion to dismiss Plaintiff's Complaint for failure to effectuate proper and complete service upon any and or all defendants to this matter. Federal Rules of Civil Procedure afford a Plaintiff several methods upon which they can effectuate service and afford a court Jurisdiction upon a defendant;

　　(1) following state law for serving a summons in an action brought in Courts of general jurisdiction in the state where the District Court is located or where service is made; or
　　　(2) doing any of the following:
　　　　(A) delivering a copy of the summons and of the complaint to the individual personally;
　　　　(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
　　　　(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

   In this particular matter, Plaintiff's Decided to serve process upon an individual who is not a party, nor a person that resides with any of the defendant, and,

   Defendants have not served the process on the any location that could be deemed any of the defendant's dwelling or usual place of abode, nor

A Memorandum of Law in Support of Defendants' Motion to Dismiss and a form of Order accompany this Motion

   WHEREFORE, Defendants request an Order of the Court Dismissing Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procure 12(b)(4) insufficient Service of Process.

Respectfully submitted,

_____
SAMUEL A. DI MATTEO, ESQUIRE
Attorney for Defendants

Dated:

| | |
|---|---|
| SAMUEL A. DI MATTEO<br>ATTORNEY AT LAW, LLC<br>ATTORNEY ID NO. 85636<br>1500 JOHN F. KENNEDY BLVD<br>SUITE 1120<br>PHILADELPHIA, PA 19102<br>(215) 437-0566 | ATTORNEY FOR DEFENDANTS |
| FARIS YASIN, AND<br>RIGHT TRACK MANAGEMENT, INC.<br>PLAINTIFF(S)<br>V<br><br>LEONARD BROWN, AND<br>JOHN DOES(S), AND<br>JUNIATA COMMUNITY MENTAL HEALTH CLINIC, INC, AND CARLOS MATOS, AND<br>MARIA MATOS, AND<br>NORRIS HANCOCK, LLC, AND<br>RENEE TARTAGLIONE, AND<br>MICHAEL WRIGHT<br>DEFENDANT(S) | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>CIVIL ACTION NO. 17-CV-03353 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS, PLAINTIFFS' COMPLAINT FOR
LACK OF SUFFICIENT SERVICE OF PROCESS UPON THE DEFENDANTS**

**ARGUMENT**

Plaintiffs' bring a Complaint against Defendants' sounding in a Breach of Contract. Said Complaint was filed on or about July 17, 2017. According to the Docket, service of Process was attempted on or about September 27, 2017. On or about October 3, 2017 Plaintiffs filed for an alias Summons on the Defendants, and again attempted service but were unable to make service, no reasons are provided.

On or about November 13, 2017 the Court Pursuant to Federal Rule of Civil Procedure 4(m) The Court filed a Rule on Plaintiff's to effectuate service on or before November 20, 2017 or provide reasonable basis for an extension of time to effectuate proper service upon Defendants.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Under the federal rules a Federal Court would lack the power to assert personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C.Cir.2002);  see *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108

S.Ct. 404, 98 L.Ed.2d 415 (1987); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946).

Service is therefore not only a means of "notifying a defendant of the commencement of an action against him," but "a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992).

Federal Rule of Civil Procedure 4(c) states in relevant part, that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Rule 4(m) clearly states: If a defendant is not served within 120 days after the complaint is filed, the Court—on Motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

On or about November 20, 2017 Plaintiffs' filed an affidavit of service indicating Service upon one Defendant, Renee Tartaglione, at by leaving with a Painting Contractor located at 111 West Cumberland Street, Philadelphia, Pennsylvania. Nowhere in Plaintiff's Affidavit, does it provide any basis for proper service at this address.

Plaintiff's Complaint indicates an address for Service on Defendants, Juniata Community Mental Health Clinic, Inc., Norris Hancock, LLC. Renee Tartaglione, Michael Wright and Carlos Matos as 2637-45 N.5th Street, Philadelphia, Pennsylvania. Leonard Brown, has an address of 3306 N 2nd Street, Philadelphia, Pennsylvania, and Maria Matos has an address of 3063 Mascher Street, Philadelphia Pennsylvania. Nowhere in Plaintiffs' Complaint do they indicate anything regard 111 West Cumberland Street, in the city or county of Philadelphia Pennsylvania.

Leaving service of Process with an unknown individual, a Painting Contractor, at an unknown address is not proper service under any stretch of the imagination.

Federal Rule of Civil Procedure 4(E) requires when Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service on November 20, 2017 was ineffective upon Defendant Renee Tartaglione as the Complaint and Summons are believed to have been service upon an unknown person, some painting Contractor, who was on that premises at the time service was attempted. This is

not effective service under the Rules of the Commonwealth of Pennsylvania as they require That service of Original Process can be achieved by either,  (1)  by handing a true and correct copy to the defendant; or (2)  by handing a true and correct copy (i)   at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii)   at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof. Pa. R.C.P. 402.

Plaintiffs have a burden to show the Court that Proper Service is affected upon the Defendants. They need to show that service of process was performed by either Personally serving each defendant, or that service was affected upon the residence of the Defendants, or their usual place of business.  When they are not serving the address provided in their Complaint, they need to provide the Courts with other facts to show that the Defendants have some connection with the address and or persons served with original process.

Here, the Plaintiffs have failed to provide the Court with anything but a generic Affidavit of Service indicating that Service was made at 111 Cumberland Street, Philadelphia, Pennsylvania for all Defendants.

The November 20, 2017 affidavit indicates that the Service of Process was left with a Painting Contractor, they fail to provide this Court with any information which could lead this Court to believe that this unknown painting Contractor was an Agent and or individual in charge of the any Defendant, let alone Renee Tartaglione, business at this address. Then on December 26, 2017 they left Service on the remainder of the Defendants at this same address with a female, Janet Esterbrook. Based upon Plaintiffs' Affidavit, the Court has no clue who said individual is, or how if any connection she has to the Defendants. The Plaintiffs' failed to present the Court with any information to make clear who said individual, Janet Esterbrook is; Could she be the resident of the 111 Cumberland Street, is she an employee of any of the Defendants.

At a minimum for the Court to accept this as proper service Plaintiffs' needed to provide some information regarding why this address is the proper place for service or that the individuals who service was left were agents of the Defendants.

Plaintiffs Service of Process is defective in that there is no way to know if the service performed on November 20, 2017 and December 26, 2017 were performed as required by Rule of Court and the Due Process Clause of Both the Federal and Commonwealth of Pennsylvania's Constitution.

The Court should dismiss the Plaintiffs Complaint, as proper serviced cannot be shown to have occurred. It is clear from the time when Affidavits were filed that the Plaintiff was more concerned with maintaining their action, then performing the required due diligence required by the Rules of Court, and the Federal and Commonwealth of Pennsylvania Constitutions.

                Respectfully submitted,


                SAMUEL A. DI MATTEO
                Attorney for Defendants
                LEONARD BROWN, AND
                JOHN DOES(S), AND
                JUNIATA COMMUNITY MENTAL HEALTH CLINIC,
                INC, AND CARLOS MATOS, AND
                MARIA MATOS, AND
                NORRIS HANCOCK, LLC, AND
                RENEE TARTAGLIONE, AND
                MICHAEL WRIGHT

| | |
|---|---|
| SAMUEL A. DI MATTEO<br>ATTORNEY AT LAW, LLC<br>ATTORNEY ID NO. 85636<br>1500 JOHN F. KENNEDY BLVD<br>SUITE 1120<br>PHILADELPHIA, PA 19102<br>(215) 437-0566 | ATTORNEY FOR DEFENDANTS |
| FARIS YASIN, AND<br>RIGHT TRACK MANAGEMENT, INC.<br>            PLAINTIFF(S)<br>V<br><br>LEONARD BROWN, AND<br>JOHN DOES(S), AND<br>JUNIATA COMMUNITY MENTAL HEALTH CLINIC,<br>INC, AND CARLOS MATOS, AND<br>MARIA MATOS, AND<br>NORRIS HANCOCK, LLC, AND<br>RENEE TARTAGLIONE, AND<br>MICHAEL WRIGHT<br>            DEFENDANT(S) | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>CIVIL ACTION NO. 17-CV-03353 |

## **CERTIFICATION**

    I, Samuel A. Di Matteo, Esquire, being duly sworn according to law, depose and state that I am the Attorney for Defendants regarding this Motion. And I certify that on this 9th day of January 2018, I mailed postage paid upon the following a true and correct copy of Defendants Motion to Dismiss Complaint, Memorandum of Law, and Order.

    Hopkins Schafkopk, LLC
    Gary Schafkopf, Esquire
    11 Bala Avenue
    Bal Cynwyd, PA 19044

                                                            _____
                                                            SAMUEL A. DI MATTEO, ESQUIRE

DATED:

| | |
|---|---|
| FARIS YASIN, AND<br>RIGHT TRACK MANAGEMENT, INC.<br>          PLAINTIFF(S)<br>V<br><br>LEONARD BROWN, AND<br>JOHN DOES(S), AND<br>JUNIATA COMMUNITY MENTAL HEALTH CLINIC,<br>INC, AND CARLOS MATOS, AND<br>MARIA MATOS, AND<br>NORRIS HANCOCK, LLC, AND<br>RENEE TARTAGLIONE, AND<br>MICHAEL WRIGHT<br>          DEFENDANT(S) | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>CIVIL ACTION NO. 17-CV-03353 |

## **ORDER**

Upon consideration of Defendants' Motion to Dismiss and the Accompanying Memorandum of Law, and any opposition thereto, AND NOW, this _____ day of _____ , 2018 , it is hereby ORDERED and DECREED;

Defendant's Motion to Dismiss Plaintiffs' Complaint is GRANTED and that Pursuant to Federal Rule of Civil Procedure 12(b)(4) Plaintiffs' Complaint is Motion to Dismiss is granted and that all claims against Defendants, LEONARD BROWN, AND JOHN DOES(S), AND JUNIATA COMMUNITY MENTAL HEALTH CLINIC, INC., AND CARLOS MATOS, AND MARIA MATOS, AND NORRIS HANCOCK, LLC, AND RENEE TARTAGLIONE, AND MICHAEL WRIGHT.

     IT IS SO ORDERED

                              By the Court:


                              _____
                              United States District Judge